UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERCEL WILLIAMS, #351648,

       Petitioner,

                                  Case No. 13-CV-11824

v.

                                  HON. MARK A. GOLDSMITH

KENNETH MCKEE,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Petitioner Percel Williams, confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is currently serving a sentence of 10-to-15 years for his Wayne County Circuit Court no-contest plea conviction of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The petition raises three claims: (i) the trial court erred in failing to allow Petitioner to withdraw his plea based on his claim of actual innocence, (ii) Petitioner was denied the effective assistance of counsel, and (iii) Petitioner's plea was involuntary. See Pet. at 5, 7-8 (cm/ecf pages). For the reasons stated below, the Court denies the petition for writ of habeas corpus.

**II. BACKGROUND**

Petitioner was charged with shooting Douglas Todd, an apartment manager, after Todd asked Petitioner to leave an apartment after being disruptive. Todd survived the shooting and

identified Petitioner as the shooter. See 8/4/2011 Preliminary Examination Tr. at 5-13 (Dkt. 10-2); see also 11/3/2011 Plea Tr. at 6-7 (Dkt. 10-4).

Rather than stand trial, Petitioner entered a no-contest plea to assault with intent to commit murder and commission of a felony with a firearm on November 3, 2011. See 11/3/2011 Plea Tr. at 3-8. The plea bargain included a sentencing agreement of 8-to-15 years for the assault conviction and a consecutive two-year term for the firearm conviction. Id. at 4. The prosecutor agreed to dismiss a charge of felon in possession of a firearm and a third-habitual offender sentencing enhancement. See Settlement Offer at 1 (cm/ecf page) (Dkt. 10-9); see also 11/21/2011 Sentencing Tr. at 7-8 (Dkt. 10-5). On November 21, 2011, the trial court sentenced Petitioner under the terms of the agreement to 8-to-15 years in prison for the assault conviction to be served consecutively with a two-year sentence for the firearm conviction. See 11/21/2011 Sentencing Tr. at 7-8.

Following his conviction and sentence, Petitioner filed a motion to withdraw his plea in the trial court. See Def. Mot. (Dkt. 10-10). Petitioner alleged that he was actually innocent because someone else was responsible for the shooting, that trial counsel was ineffective for not hiring an investigator or filing a motion to withdraw the plea, and that the plea was involuntary. See id. at 5-6. The trial court determined that Petitioner's plea was knowingly, voluntarily, and understandingly made, and denied the motion.

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

    i.    The trial court erred in denying Defendant-Appellant Percel Williams' motion to withdraw his plea based upon his claim of actual innocense [sic];

    ii.    The trial court erred in denying Defendant-Appellant Percel

2

>  Williams' Motion to Withdraw his plea as he was denied ineffective assistance of counsel;
>
> iii. The trial court erred in denying Defendant-Appellant Percel Williams' Motion to Withdraw his plea as his plea was not knowing and voluntary.

See 5/19/2012 Application for Leave to Appeal at 2, 4, 6 (Dkt. 10-7).

The Michigan Court of Appeals affirmed Petitioner's conviction in a summary order "for lack of merit in the grounds presented." People v. Williams, No. 310319, at 1 (cm/ecf page) (Mich. Ct. App. June 19, 2012) (Dkt. 10-7). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. See 8/9/2012 Application for Leave to Appeal at 3 (cm/ecf page) (Dkt. 10-8). The Michigan Supreme Court denied the application because it was "not persuaded that the questions presented should be reviewed by" the Court. People v. Williams, 822 N.W.2d 784 (Mich. 2012).

### III. STANDARD OF REVIEW

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (quotation marks and citations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quotation marks). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. (citation omitted). Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. Habeas relief is not appropriate unless each ground which supported the state court's

4

decision is examined and found to be unreasonable under the AEDPA. See Wetzel v. Lambert, 132 S. Ct. 1195, 1199 (2012).

"If this standard is difficult to meet, that is because it was meant to be." Harrington, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. Id. Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Id. (quotation marks omitted). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." Woodford v. Viscotti, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-787.

## IV. ANALYSIS

The Court first addresses and rejects Petitioner's substantive claims, and then addresses whether to issue a certificate of appealability, as well as whether to allow Petitioner leave to proceed in forma pauperis.

### A. Petitioner's Substantive Claims

#### 1. Withdrawal of Plea Based on Actual Innocence Claim

Petitioner first claims that he should have been permitted to withdraw his guilty plea

because he is innocent of the charges. See Pet. at 5 (cm/ecf page). The record shows that at sentencing, Petitioner claimed that he was not the man who shot at the victim and requested to withdraw his plea. See 11/21/2011 Sentencing Tr. at 7. The trial court denied the request. Id.

Initially, the Court observes that Petitioner has no federal constitutional right to withdraw his guilty plea. See Hynes v. Birkett, 526 F. App'x 515, 521 (6th Cir. 2013); see also Adams v. Burt, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) ("There is no federal constitutional right, or absolute right under state law, to withdraw a plea."). Unless a petitioner's guilty plea otherwise violated a clearly established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. See Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

In any event, Petitioner has failed to demonstrate entitlement to relief on the basis of his claimed actual innocence. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. Blackledge v. Allison, 431 U.S. 63, 74 (1977) (noting also that "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"); Henderson v. Morgan, 426 U.S. 637, 648 (1976) (Powell, J., concurring) ("The Court has repeatedly emphasized that a guilty plea for federal purposes is a judicial admission of guilt conclusively establishing a defendant's factual guilt." (quotation marks omitted) (emphasis in original)). "Bald assertions of innocence are insufficient to permit a defendant to withdraw his or her guilty plea." United States v. Jones, 336 F.3d 245, 252 (3rd Cir. 2003); Al-Saady v. Berghuis, No. 2:13-CV-15097, 2014 WL 4373753, at *4 (E.D. Mich. Sept. 3, 2014) (same). Rather, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense." Jones, 336 F.3d at 252. Simply asserting innocence, absent a substantial supporting record, is insufficient to overturn a

guilty plea, even on direct appeal. See Everard v. United States, 102 F.3d 763, 766 (6th Cir. 1996). Petitioner's mere recantation of his no-contest plea, without any support, would therefore be insufficient to have his plea overturned. Id.; see also United States v. Gregory, 41 F. App'x 785, 792 (6th Cir. 2002) (holding that "[b]elated claims of innocence without more are simply insufficient to justify withdrawal of a guilty plea."); North Carolina v. Alford, 400 U.S. 25, 37-38 (1970) (holding that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime).

Aside from his unsubstantiated claim that he is innocent, Petitioner has proffered no evidence to the Court that he is actually innocent of the crime. A federal habeas court reviewing a belated claim of innocence which contradicts a prior, valid guilty plea must draw all permissible inferences in favor of the prosecution and against the petitioner. See Campbell v. Marshall, 769 F.2d 314, 322 (6th Cir. 1985) (holding that a petitioner's "admission of factual guilt in open court are entitled to great weight"); Hilliard v. Stegall, No. 00-CV-75346-DT, 2001 WL 1218589, at *4 (E.D. Mich. Aug. 12, 2001) (holding that "self-inculpatory statements made by a defendant under oath at a plea hearing carry a strong presumption of verity, and a court, in reviewing belated claims of innocence, must draw all permissible inferences in favor of the government and against the defendant" (quotation marks omitted)). Petitioner did not contest the factual basis for the charges at the plea hearing, and therefore he cannot claim now that he was entitled to withdraw his plea based upon a conclusory and unsupported claim of actual innocence. See United States v. Young, 310 F. App'x 784, 793 (6th Cir. 2009).

Accordingly, the Court finds that Petitioner is not entitled to relief on this claim.

### 2. Ineffective Assistance of Counsel Claim

Petitioner next asserts that his counsel was ineffective for failing to move to withdraw his

plea and failing to hire a private investigator. See Pet. at 7 (cm/ecf page).

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688. In so doing, the defendant must overcome a "strong presumption" that counsel's behavior lies within the "wide range of reasonable professional assistance." Id. at 689. In other words, Petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. at 689.

Second, the defendant must show that such performance prejudiced his defense. Id. at 687. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Strickland's test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" Storey v. Vasbinder, 657 F.3d 372, 379 (6th Cir. 2011) (quoting Harrington, 131 S. Ct. at 792). The Supreme Court's holding in Strickland places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a "reasonable probability" that the result of the proceeding would have been different but for counsel's allegedly deficient performance. See Wong v. Belmontes, 558 U.S. 15, 27 (2009).

The Strickland framework applies to ineffective assistance of counsel claims "arising out

of the plea process." Hill v. Lockhart, 474 U.S. 52, 57-58 (1985) (holding that the Strickland test applies to challenges to guilty pleas). The first prong of the test remains the same. Id. at 58-59. However, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 59. In other words, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.; see also Smith v. United States, 348 F.3d 545, 551-552 (6th Cir. 2003) (same).

Here, defense counsel was not ineffective for failing to move to withdraw the no-contest plea, since he had no legal basis to do so, and he was not obliged to engage in a futile gesture. "[T]here can be no constitutional deficiency in . . . counsel's failure to raise meritless issues." Mapes v. Coyle, 171 F.3d 408, 413 (6th Cir. 1999). As indicated below, Petitioner's plea was validly entered and there is no indication in the record that the trial court would have been inclined to otherwise allow Petitioner to withdraw his plea. Therefore, the Court finds that Petitioner has not shown that his counsel performed deficiently by failing to move to withdraw the plea or that he was prejudiced.

Petitioner also asserts that his counsel was ineffective for failing to hire a private investigator. See Pet. at 7 (cm/ecf page). However, Petitioner does not suggest any specific exculpatory information counsel could have uncovered, nor does he provide any basis to conclude that the results of counsel's investigation could have affected his decision to plead guilty. It is Petitioner's burden to establish the elements of his ineffective assistance of counsel claim. See United States v. Pierce, 62 F.3d 818, 833 (6th Cir. 1995) (presuming that a lawyer is competent, the accused bears the burden to demonstrate a constitutional violation). Thus, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with

specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). The Court finds that Petitioner has failed to allege with any specificity the significance of an investigation in this case.

Accordingly, the Court finds that Petitioner is not entitled to relief on this claim.

### 3. Voluntariness of Plea Claim

Petitioner asserts that his plea was entered involuntarily. See Pet. at 8 (cm/ecf page). Specifically, apart from the allegations made in his ineffective assistance of counsel claim, Petitioner seems to argue that he was coerced into pleading because he was told that he could not prevail at trial. See id.

A guilty plea that is entered in state court must be voluntarily and intelligently made. Brady v. United States, 397 U.S. 742, 747 n.4 (1970) (noting that "[t]he requirement that a plea of guilty must be intelligent and voluntary to be valid has long been recognized"). Such a determination is made after "considering all of the relevant circumstances surrounding" the plea. Id. at 749; Garcia v. Johnson, 991 F.2d 324, 327 (6th Cir. 1993) (determining whether a guilty plea was voluntary "must be made on an analysis of the totality of the circumstances").

In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. Hart v. Marion Corr. Inst., 927 F.2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. King v. Dutton, 17 F.3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his guilty plea, "the state generally satisfies its burden by producing a transcript of the state court proceedings" showing that the plea was made voluntarily. Garcia v.

10

Johnson, 991 F.2d 324, 326 (6th Cir. 1993). "The factual findings of a state court that the plea was proper are generally accorded a presumption of correctness." Id. Petitioner must overcome a heavy burden if the Court is to overturn these findings by the state court. Id. at 328.

"It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired." Mabry v. Johnson, 467 U.S. 504, 508-509 (1984). Thus, a "plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes)." Id. at 509.

The evidence establishes that Petitioner freely and voluntarily pleaded no contest to the charges. Petitioner was advised of the maximum penalties for the charges – indeed he bargained for the exact sentence he received – and the rights that he would be waiving by pleading. See 11/3/2011 Plea Tr. at 3-6. In response to the trial court's questions, Petitioner denied that any promises, coercion, or threats had been made to get him to plead no contest. See id. at 6. Petitioner's contrary assertion now that his counsel's statements coerced him to accept the plea agreement cannot be given credence over his testimony at the plea hearing. In short, where "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." Ramos v. Rogers, 170 F.3d 560, 566 (6th Cir. 1999). Such is the case here.

Accordingly, the Court finds that Petitioner is not entitled to relief on this claim.

**B. Certificate of Appealability and Leave to Appeal In Forma Pauperis**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## V. CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus, declines to issue a certificate of appealability, and denies Petitioner leave to appeal in forma pauperis.

SO ORDERED.

|  |  |
|---|---|
| Dated: November 5, 2014<br>Detroit, Michigan | s/Mark A. Goldsmith<br>MARK A. GOLDSMITH<br>UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2014.

                s/Johnetta M. Curry-Williams
                JOHNETTA M. CURRY-WILLIAMS
                CASE MANAGER